UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HENRY,

        Petitioner,                  Case Number: 2:18-CV-11786
                                          HON. GEORGE CARAM STEEH

v.

J.A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

Petitioner David Henry is currently incarcerated in the Federal Correctional Facility in Milan, Michigan. He brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He argues that the Supreme Court's decision in *Dimaya v. Sessions*, 138 S. Ct. 1204 (2018), requires the Court to vacate his two convictions for production of child pornography, 18 U.S.C. § 2251(a). For the reasons set forth, the Court denies the petition.

**II. Procedural History**

In 2016, Petitioner was charged in the Western District of Arkansas with four counts of producing child pornography, 18 U.S.C. § 2251(a) & (e), and three counts of advertising visual child pornography, 18 U.S.C. § 2251(d)(1)(A) & (2)(B). *See United States v. Henry*, No. 2:16-cr-20005 (W.D. Ark.). He pleaded guilty to two counts of

producing child pornography. On August 2, 2016, Petitioner was sentenced to the statutory minimum of 180 months imprisonment for each count, to be served concurrently, followed by five years of supervised release. He did not file a direct appeal from his convictions or sentence.

On August 10, 2017, Petitioner filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, raising two ineffective assistance of counsel claims. The trial court denied the motion. *See* 12/29/2017 Order, *United States v. Henry*, No. 2:16-cr-20005 (ECF No. 41). Petitioner filed a notice of appeal seeking a certificate of appealability in the Eighth Circuit Court of Appeals. The Court of Appeals denied a certificate of appealability. *Henry v. United States*, No. 18-1269 (8th Cir. Dec. June 28, 2018).

Petitioner then filed in the Eighth Circuit Court of Appeals a motion for an order authorizing a successive application under 28 U.S.C. § 2255. He argued that the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), invalidates his conviction and sentence for the distribution of child pornography. The Court of Appeals declined to authorize a successive § 2255 motion. *Henry v. United States*, No. 18-2363 (8th Cir. Sept. 20, 2018).

Petitioner then filed the pending petition, raising this claim:

Whether the Respondent's continuing detention of the Petitioner is unlawful in light of the United States Supreme Court's recent decision in *Dimaya*.

### III. Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. The proper avenue for relief on a federal prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. Respondent argues that this claim is not properly filed under § 2241 because Petitioner has not shown that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The petitioner bears the burden of showing that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

Petitioner sought authorization in the Eighth Circuit Court of Appeals to file a second § 2255 motion raising the same claim raised in the instant petition. The Eighth Circuit denied authorization for a successive petition. *Henry v. United States*, No. 18-

3

2363 (8th Cir. Sept. 20, 2018). Petitioner's lack of success in gaining authorization to file a second § 2255 motion, does not render the remedy under § 2255 inadequate or ineffective. *Charles*, 180 F.3d at 756. The Court, therefore, will dismiss the petition.

## IV. Conclusion

The Court holds that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because the petition is not properly filed under § 2241. Accordingly, the Court **DENIES** the petition for a writ of habeas corpus (ECF No. 1).

Petitioner's Motion for Production of Case Transcripts (ECF No. 5) is **DENIED AS MOOT**.

Dated: February 7, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and David Henry #13800-010, FCI Milan, P.O. Box 1000, Milan, MI 48160 on February 7, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---